UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| O.B. SWEET, LLC,<br>dba PIE SISTERS OF GEORGETOWN,<br>ERIN BLAKELY,<br>ALLISON SYDNOR, and<br>CATHERINE CULLINAN<br><br>*Plaintiffs,*<br><br>v.<br><br>MARK BUCHER, and<br>MEDIUM RARE CLEVELAND PARK, LLC<br><br>*Defendants.* | Case No. _____<br><br>COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND FALSE DESIGNATION OF ORIGIN<br><br>JURY TRIAL DEMANDED |

SERVE:   MR. MARK BUCHER
         MEDIUM RARE CLEVELAND PARK, LLC
         3500 CONNECTICUT AVE., NW
         WASHINGTON, DC 20008

SERVE:   MR. MARK SCHAMEL, ESQ.
         WOMBLE, BOND, DICKINSON, LLP
         1200 NINETEENTH STREET, N.W., SUITE 500
         WASHINGTON, DC 20036

SERVE:   MR. STEVEN M. ABRAMSON, ESQ.
         SILVER, FREEDMAN, TAFF & TIERNAN, LLP
         3299 K ST. NW, SUITE 100
         WASHINGTON, DC 20007

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiffs, O.B. SWEET, LLC, dba PIE SISTERS OF GEORGETOWN, ERIN BLAKELY, ALLISON SYDNOR, and CATHERINE CULLINAN ("Plaintiff" or "Plaintiffs"), by counsel, who files this Complaint against the Defendants: MARK

BUCHER and MEDIUM RARE, (individually "Defendant" and collectively as "Defendants"), both jointly and severally, on the grounds and praying for relief hereinafter set forth:

## PARTIES

1. Plaintiff, O.B. Sweet, LLC, doing business as "Pie Sisters of Georgetown," is a Virginia-based Limited Liability Company, is owned jointly by Erin Blakely, Allison Sydnor, and Catherine Cullinan, and has a business address located at 3423 M Street NW, Washington D.C. 20007. Since 2013, Plaintiff has been creating pastries and pies, which have been sold to individuals and to various restaurants throughout the District of Columbia, Maryland, and Virginia.

2. Defendant, Mark Bucher, is the owner of Medium Rare Restaurant, located at 3500 Connecticut Ave. NW, Washington, DC 20008.

## NATURE OF THE CASE

3. This is an action for trademark counterfeiting, trademark infringement, unfair competition, false advertising, and false designation of origin under the Federal Lanham Act (codified at 15 U.S.C. §§ 1051 *et seq.*, the "Lanham Act"), and District of Columbia Law. Specifically, on information and belief, Defendant continuously advertised its key lime pies on menus, advertisements, and social media, as "Pie Sisters" Key Lime Pies, without approval or consent from Plaintiff, and as such, offered for sale counterfeit pies to the public, while infringing upon and profiting from Plaintiff's federally registered "Pie Sisters" trademark.

## JURISDICTION AND VENUE

4. This is an action for trademark counterfeiting, trademark infringement, unfair competition, false advertising, and false designation of origin under the Federal Lanham Act (codified at 15 U.S.C. §§ 1051 *et seq.*, the "Lanham Act"), and District of Columbia Law.

5. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§1331 (Federal Question) and 1338(a)-(b), and under 28 U.S.C. § 1332, as there may be diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants because Defendants' principal place of business is within this District, Defendants have imported, distributed, offered for sale, sold, or shipped merchandise to persons within this District, Defendants regularly transact and conduct business within this District, and Defendants otherwise have made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

7. The United States District of the District of Columbia is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Pie Sisters' claims occurred in the District of Columbia. Venue is also proper pursuant to 28 U.S.C. § 1391(a) and (c), because Defendants have sufficient connection with the District of the District of Columbia to make venue proper in this District.

8. O.B. Sweet, LLC, doing business as "Pie Sisters of Georgetown," which is a Virginia-based Limited Liability Company, and which has a business address located at 3423 M Street NW, Washington D.C. 20007 (hereinafter, "Pie Sisters of Georgetown"

### PLAINTIFF AND ITS "PIE SISTERS" TRADEMARK

9. Plaintiff owns a brick and mortar store based in Washington DC (i.e., located specifically at located at 3423 M Street NW, Washington D.C. 20007), and also advertises and offers its products, mainly pies and baked goods, on an Internet website (http://piesisters.com),

and therefore advertises its products throughout the United States, and moreover, cross-continentally.

10. Plaintiff has continually used its trademark, "Pie Sisters," in connection with its products since at least January 5, 2012, and has promoted its mark in advertising campaigns, in the community, and on the Internet.

11. Plaintiff has also been actively involved in the community in its efforts to further promote its brand including its sponsorship of various events and attendance at weddings, parties, etc., thereby developing substantial goodwill in the community regarding the "Pie Sisters" trademark.

12. Plaintiff's customers, as well as the general public, have come to recognize "Pie Sisters" (of Georgetown) as an established and successful store that bakes delicious high-quality pies and baked goods, and thus, the "Pie Sisters" trademark has become a highly recognized mark in the tri-state area of Washington DC, Maryland, and Virginia, hereinafter known as the DMV community.

13. On July 1, 2015, Plaintiff applied for Federal Registration of its trademark "Pie Sisters."

14. On February 2, 2016, Plaintiff was granted Federal Registration of its trademark "Pie Sisters," and was given a registration number of 4985586 for the trademark, and is registered in international class 025 for the following goods: Aprons; Hats; Shirts., and in international class 030 for the following goods: Chocolate-based fillings for cakes and pies; Custard-based fillings for cakes and pies; Frozen pie crusts; Fruit pies; Meat pies; Meat pies; Pie crusts; Pies; Pot pies; Poultry and game meat pies; Seafood pies.

15. As a result of the continuous and widespread use of Plaintiff's "Pie Sisters" trademark by Plaintiff and its licensees, this mark has achieved significant goodwill, wide-spread public recognition, and fame throughout the United States.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

16. On or about April 5, 2012, Plaintiff began selling pies, including its 9-inch "Pie Sisters" Key Lime Pies to the general public from its brick-and-mortar store, as well as online.

17. On or about October 2, 2012, Mr. Mark Bucher met with Erin Blakely, and tasted the Pie Sisters 9-inch Key Lime Pie, and subsequently enter into an agreement with Pie Sisters where they would provide Medium Rare Restaurant with 9-inch Key Lime Pies for $22 per pie.

18. On or about the end of 2012, Plaintiff agreed to Defendant's request that the 9-inch pies be increased to 10-inch pies at the same cost of $22/pie. However, despite the size change, the taste profiles and ingredients of the Pie Sisters Key Lime Pies remained the same as Pie Sisters' original Key Lime Pie recipe.

19. There was absolutely no collaboration between Pie Sisters and Mr. Bucher to develop a new key lime pie with new ingredients and/or new flavor/taste profile.

20. The prices of the pies has never increased during the six years of business conducted between Plaintiff and Defendant.

21. In May of 2017, Plaintiff conducted an asset sale of baking equipment as part of a licensing deal with former employees (i.e., licensees), which was finalized in May of 2017.

22. Plaintiff continues to be on the lease of the Pie Sisters brick-and-mortar store on 3423 M St. NW, Washington, DC 20007.

23. On information and belief, there are no emails, text messages, or letters, to Plaintiff's knowledge, that Medium Rare ever had issues with the quality of the key lime pies, or their delivery, as provided by Plaintiff or its licensees.

24. In 2016, Defendant introduced Plaintiff to Panorama Bakery (i.e., Panorama Bakery, Inc., a Maryland Corporation), located at 8833 Ashwood Dr, Capitol Heights, MD 20743, but Plaintiff did not believe that Panorama Bakery could provide the quality level required for Pie Sisters pies, and as such, never agreed to allow Panorama Bakery to produce Pie Sisters pies.

25. There were never any discussions of royalty or licensing agreements between Plaintiff and Panorama Bakery, and Plaintiff never authorized Panorama Bakery to use the Pie Sisters recipes or sell pies under the Pie Sisters name.

26. On information and belief, Defendant sought out other bakeries, including Panorama Bakery, to produce pies that were substantially similar to Pie Sisters Key Lime pie but were priced less expensively than "Pie Sisters" pies.

27. The last "Pie Sisters" Key Lime Pies were sold from Plaintiff to Defendant on or about May 2, 2018.

28. On information and belief, until at least August of 2018, Defendant advertised all Key Lime Pies on its menus, advertisements, and social media, including those pies provided by Panorama Bakery (or other bakeries), as "Pie Sisters" Key Lime Pies.

29. Plaintiff never paid Defendant any royalties for pies created by other bakeries that were advertised as "Pie Sisters" Key Lime Pies.

*Complaint*
*O.B. Sweet, LLC et al. v Mark Bucher et al.*

Page 6 of 13

30. On information and belief, Defendant is aware that at least one other bakery (e.g., Panorama Bakery) produced Key Lime Pies that were advertised as "Pie Sisters" pies by Defendant.

31. On information and belief, Defendant is aware that Panorama Bakery never paid Plaintiff any royalties.

32. Plaintiff never gave Defendant any authority to utilize the "Pie Sisters" trademark to represent any other pies, besides the pies created by Plaintiff.

33. On information and belief, Defendant attempted to circumvent the purchase of Plaintiff's pies by purchasing pies from at least one other bakery, while still using the registered trademark "Pie Sisters" on its menus, advertisements, and social media.

34. Defendant's unlawful conduct and unauthorized use of the "Pie Sisters" trademark on its menus, advertisements, and social media, has caused and is continuing to cause irreparable injury to Plaintiff.

## COUNT I
### TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING UNDER THE LANHAM ACT (15 U.S.C. §§ 1114, 1125)

35. Plaintiff hereby re-alleges incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

36. Plaintiff owns a federal registered trademark number 4895586 for "Pie Sisters," which is directed to a variety of goods, including, but not limited to, Chocolate-based fillings for cakes and pies; Custard-based fillings for cakes and pies; Frozen pie crusts; Fruit pies; Meat pies; Meat pies; Pie crusts; Pies; Pot pies; Poultry and game meat pies; Seafood pies.

37. Defendant has used, and is using, in commerce, marks identical and substantially identical to Plaintiff's federally registered "Pie Sisters" trademark to offer for sale and sell pies (e.g., Key Lime Pies) in Defendant's restaurant(s).

38. Defendant's use of Plaintiff's "Pie Sisters" trademark constitutes the knowing and willful use of a counterfeit mark, because Defendant has used, and is using, on menus, advertising, and social media, Plaintiff's federally registered "Pie Sisters" trademark to advertise and sell the same products, i.e., pies, that are identified in Plaintiff's trademark registration.

39. On information and belief, Plaintiff has also continuously used Plaintiff's "Pie Sisters" trademark on menus and/or advertising for pies that did not originate from Plaintiff. Thus, on information and belief, the public has been served pies that were not of the same recipe and/or quality level as created by Plaintiff.

40. Defendant's unauthorized use of Plaintiff's "Pie Sisters" trademark constitutes counterfeiting, trademark infringement, unfair competition, and false designation of origin, in violation of the federal Lanham Act, 15 U.S.C., 1115 and 1125, because such conduct is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of Defendant's products, services, and business activities. Consumers have already and will continue to falsely believe that the pies being offered and sold by Defendant is endorsed by Plaintiff.

41. Defendant's wrongful conduct has deprived Plaintiff of its right to control the reputation and goodwill associated with Plaintiff's "Pie Sisters" trademark.

42. Plaintiff has suffered damages and Defendant has obtained profits and/or unjust enrichment as a result of Defendant's wrongful conduct.

43. Defendant's acts irreparably injure Plaintiff's business, reputation, and goodwill. Unless Defendant is enjoined from its wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

**COUNT II**
**TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING UNDER DISTRICT OF COLUMBIA LAW**

44. Plaintiff hereby re-alleges incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

45. Plaintiff owns a federal registered trademark number 4895586 for "Pie Sisters," which is directed to a variety of goods, including, but not limited to, Chocolate-based fillings for cakes and pies; Custard-based fillings for cakes and pies; Frozen pie crusts; Fruit pies; Meat pies; Meat pies; Pie crusts; Pies; Pot pies; Poultry and game meat pies; Seafood pies.

46. Defendant has used, and is using, in commerce, marks identical and substantially identical to Plaintiff's federally registered "Pie Sisters" trademark to offer for sale and sell pies (e.g., Key Lime Pies) in Defendant's restaurant(s).

47. Defendant's use of Plaintiff's "Pie Sisters" trademark constitutes the knowing and willful use of a counterfeit mark, because Defendant has used, and is using, on menus, advertising, and social media, Plaintiff's federally registered "Pie Sisters" trademark to advertise and sell the same products, i.e., pies, that are identified in Plaintiff's trademark registration.

48. On information and belief, Plaintiff has also continuously used Plaintiff's "Pie Sisters" trademark on menus and/or advertising for pies that did not originate from Plaintiff. Thus, on information and belief, the public has been served pies that were not of the same recipe and/or quality level as created by Plaintiff.

49. Defendant's unauthorized use of Plaintiff's "Pie Sisters" trademark constitutes counterfeiting, trademark infringement, unfair competition, and false designation of origin, in violation of the federal Lanham Act, 15 U.S.C. 1115 and 1125, because such conduct is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of Defendant's products, services, and business activities. Consumers have already and will continue to falsely believe that the pies being offered and sold by Defendant is endorsed by Plaintiff.

50. Defendant's wrongful conduct has deprived Plaintiff of its right to control the reputation and goodwill associated with Plaintiff's "Pie Sisters" trademark.

51. Plaintiff has suffered damages and Defendant has obtained profits and/or unjust enrichment as a result of Defendant's wrongful conduct.

52. Defendant's acts irreparably injure Plaintiff's business, reputation, and goodwill. Unless Defendant is enjoined from its wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing allegations, Plaintiff prays for judgment against Defendant, as follows:

1. That this Court enter judgment in favor of Plaintiff and against Defendant on all claims for relief alleged herein;

2. That this Court issue a preliminary and permanent injunction:

    a. enjoining Defendant, its employees, owners, agents, officers, directors, attorneys, representatives, affiliates, subsidiaries, successors, and assigns, and all those in active concert or participation with it or having knowledge of the causes of action, from using Plaintiff's "Pie Sisters" mark, alone or in

combination with any other word(s), term(s), designation(s), mark(s), and/or design(s), as well as all similar marks;

    b.    requiring Defendant to deliver up for destruction all literature, videos, signs, billboard, labels, prints, packages, wrappers, containers, advertising materials, stationary, website content, social media, and other items in its possession, custody or control, that use Plaintiff's "Pie Sisters" mark, pursuant to 15 U.S.C. 1118;

    c.    requiring Defendant to file with the Court and serve on Plaintiff, within thirty (30) days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which Defendant has complied with the Court's injunction; and

    d.    requiring Defendant to stop any and all false and misleading statements and/or advertising regarding Defendant's products and/or business activities.

3.    That this Court grant monetary relief in the form of:

    a.    an accounting to Plaintiff of any and all profits derived by Defendant from the acts complained of herein, including any and all profits obtained from selling of pies;

    b.    Plaintiff's general, special, and/or actual damages, along with any other damages allowable under 15 U.S.C. 1117 and any other applicable statute or at common law, according to proof at trial;

    c.    a trebling of the damages awarded to Plaintiff and an enhanced award of Defendant's profits to Plaintiff, as provided for by 15 U.S.C. 1117(a);

      d.      Plaintiff's costs and reasonable attorney's fees pursuant 15 U.S.C. 1117(a) and District of Columbia Law;

      e.      Statutory damages in the amount of no less than $2,000,000 on account of Defendant's knowing use of Plaintiff's federally registered "Pie Sisters" trademark to advertise and sell pies; and

      f.      Punitive or exemplary damages, as permitted by District of Columbia law.

4. That this Court grant Plaintiff such other and further relief, in law or in equity, as it should deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all counts, claims, and issues, so triable.

Respectfully Submitted,

O.B. Sweet, LLC
By Counsel.

/Lev Ivan Gabriel Iwashko/
Lev Ivan Gabriel Iwashko, Esquire
D.C. Bar No. 1022054
The Iwashko Law Firm, PLLC
1250 Connecticut Ave., Floor 7
Washington, DC 20036
202-441-5043
Lev@iwashkoLaw.com
***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing complaint has been served by Process Server this 25th day of September, 2019 upon Defendant, MARK BUCHER and potential legal representatives MARK SCHAMEL and STEVEN M. ABRAMSON, at the following addresses:

      MR. MARK BUCHER
      MEDIUM RARE CLEVELAND PARK, LLC
      3500 CONNECTICUT AVE., NW
      WASHINGTON, DC 20008

      MR. MARK SCHAMEL, ESQ.
      WOMBLE, BOND, DICKINSON, LLP
      1200 NINETEENTH STREET, N.W., SUITE 500
      WASHINGTON, DC 20036

      MR. STEVEN M. ABRAMSON, ESQ.
      SILVER, FREEDMAN, TAFF & TIERNAN, LLP
      3299 K ST. NW, SUITE 100
      WASHINGTON, DC 20007

      /Lev Ivan Gabriel Iwashko/
      Lev Ivan Gabriel Iwashko
      ***Counsel for Plaintiff***